

# The Attorney General of Texas

August 20, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX 78711
512/475-2501

701 Commerce. Suite 200
Dallas, TX 75202
214/742-8944

4824 Alberta Ave. Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston. TX 77002
713/650-0666

Broadway. Suite 312
Lubbock TX 79401
806/747-5238

4309 N Tenth. Suite B
McAllen. TX 78501
512/682-4547

200 Main Plaza. Suite 400
San Antonio, TX 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tim Curry
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas 76102

• Opinion No. MW-222

Re: Authority of a justice of the peace to collect restitution on dishonored checks

Dear Mr. Curry:

You have requested our opinion as to whether a justice of the peace is authorized to collect restitution on behalf of the holder of a dishonored check. You have not inquired about, and we do not address, the collection by or on behalf of the office of district attorney pursuant to article 53.08 of the Code of Criminal Procedure. Article 6252-24, V.T.C.S., formerly article 380a of the old Penal Code, provides, in pertinent part:

> Any Justice of the Peace, sheriff, constable or other peace officer in this State, who shall receive for collection or undertake the collection of any claim for debt for others except under and by virtue of the processes of law prescribing the duties of such officers, or who shall receive compensation therefor except as prescribed by law, shall be guilty of a misdemeanor. . . .

In Attorney General Opinion C-190 (1963), this office said that a sheriff was prohibited from collecting restitution on dishonored checks:

> Article 380a not only prohibits the collection of claims for debts for compensation but also the collection of claims of debts for others except under and by virtue of the processes of law prescribing the duties of such officers. No enactment exists which prescribes as one of the duties of a sheriff, the collecting of such claims for debts.

• A violation occurs under article 6252-24 unless the justice of the peace is authorized by some other statute to act as a debt collector for private indivuduals. As long ago as 1914, a court held that there is no statute:

> which makes it the duty of a justice of the peace to act as a private collector of claims.

Bray-Robinson-Curry Woolen Mills v. W. F. Walker & Son, 165 S.W. 107, 110 (Tex. Civ. App. - Texarkana 1914, no writ). See also Polk v. Peterson, 93 S.W. 504 (Tex. Civ. App. 1906, writ dism'd ). Likewise, no statute exists today which would bring a justice's efforts to collect restitution under the "processes of law" necessary to avoid the prohibition of article 6252-24. We conclude therefore that a justice of the peace is not authorized to collect restitution on behalf of the holder of a dishonored check. See Code Crim. Proc. art. 53.08; Attorney General Opinion MW-188 (1980).

## SUMMARY

A justice of the peace is not authorized to collect restitution on behalf of the holder of a dishonored check.

Very truly yours,

MARK WHITE
Attorney General of Texas

• JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Jon Bible
Walter Davis
Susan Garrison
Rick Gilpin
Bruce Youngblood